# In the United States Court of Federal Claims

No. 13-619C

(Filed: June 18, 2015)

```
*************************************
                                    *
ENTERGY NUCLEAR INDIAN POINT 2,     *
LLC,                                *
                                    *   Spent Nuclear Fuel Case; Claim for
                                    *   Recovery of NRC Fees; Motion for
              Plaintiff,            *   Partial Summary Judgment; Collateral
                                    *   Estoppel; Effect of Federal Circuit's
v.                                  *   Boston Edison and Consolidated Edison
                                    *   Decisions; Material Fact Issues to be
THE UNITED STATES,                  *   Resolved at Trial.
                                    *
              Defendant.            *
                                    *
*************************************
```

*Alexander D. Tomaszczuk*, with whom were *Jay E. Silberg* and *Clare M. Cavaliero*, Pillsbury Winthrop Shaw Pittman, LLP, McLean, Virginia, and *L. Jager Smith, Jr.*, Jackson, Mississippi, for Plaintiff.

*Kristin McGrory,* with whom were *Benjamin C. Mizer,* Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Bryant G. Snee*, Deputy Director, *Courtney Enlow* and *Shari Rose*, Trial Attorneys, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Jane K. Taylor*, U.S. Department of Energy, Of Counsel, for Defendant.

OPINION AND ORDER ON DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

WHEELER, Judge.

This case arises from a partial breach by the U.S. Department of Energy ("DOE") of its contractual obligations to accept and dispose of spent nuclear fuel ("SNF") at the Indian Point 1 and 2 Nuclear Power Stations north of New York City. Plaintiff Entergy Nuclear Indian Point 2, LLC ("ENIP") is claiming damages of approximately $37.4 million for the period September 1, 2008 to December 31, 2013 which it says are attributable to DOE's breach. Included in ENIP's claim are $1.9 million in fees paid to the Nuclear

Regulatory Commission ("NRC") under 10 C.F.R. Part 171.  ENIP asserts that the NRC fees are recoverable because it would not have incurred these charges in the absence of DOE's breach.

On April 2, 2015, Defendant filed a motion for partial summary judgment regarding the claim for NRC fees based upon the doctrine of collateral estoppel.  Defendant argues that collateral estoppel generally bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment."  New Hampshire v. Maine, 532 U.S. 742, 748-49 (2001).  Defendant states that the Federal Circuit decided the NRC fees claim adversely to ENIP in Consolidated Edison Company of New York, Inc. v. United States, 676 F.3d 1331 (Fed. Cir. 2012), and that this decision bars any subsequent litigation of the same issue.  The Government contends that collateral estoppel applies in this case because (1) the issue is identical to the issue decided in the first action, (2) the issue was actually litigated in the first action, (3) the resolution of the issue was essential to the final judgment in the first action, and (4) ENIP had a full and fair opportunity to litigate the issue in the first action.

On May 4, 2015, ENIP filed an opposition to Defendant's motion, contending that the recovery of NRC fees is still an open issue after the Federal Circuit's decision in Consolidated Edison.  In support of this contention, Plaintiff asserts that (1) the issue of causation was not actually litigated in the first action because the Federal Circuit held only that the plaintiff failed to meet its burden of proving causation, and (2) different outcomes in Boston Edison Co. v. United States, 93 Fed. Cl. 105, 125-28 (2010), *aff'd in part, rev'd in part, and remanded,* 658 F.3d 1361 (Fed. Cir. 2011), and Consolidated Edison demonstrate that application of collateral estoppel is inappropriate. Plaintiff further contends that there was not a full and fair opportunity to litigate the issue of NRC fees in the first action, and the decision in Consolidated Edison changed the law regarding the evidence required to establish causation in generic NRC fees claims.  Defendant filed a reply brief on May 21, 2015.  The Court deems oral argument unnecessary.

The Court concludes that a genuine issue of material fact exists, namely, whether there is a causal link between DOE's breach of the Standard Contract and the 1999 change to NRC's generic fee structure.  The Court finds that this question was left open by the Federal Circuit in the Boston Edison and Consolidated Edison decisions.  Complete resolution of this issue through summary judgment is not a proper outcome.  The NRC fees issue is one on which ENIP can prevail if it satisfies the necessary burden of proof. Accordingly, for the reasons explained herein, Defendant's motion for partial summary judgment is DENIED.

Factual Background

The Government and ENIP's predecessor in interest, Consolidated Edison Company of New York ("ConEd"), entered into the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("the Standard Contract") in 1983. Under the terms of the Standard Contract, ConEd agreed to pay substantial fees in return for the Government's fulfillment of its obligation to remove and dispose of SNF beginning not later than January 31, 1998. ConEd fully complied, and ENIP continues to fully comply with the fee payment obligations under the Standard Contract. The Government, however, in failing to perform its reciprocal obligation to dispose of SNF, was found to have partially breached the Standard Contract. Consol. Edison Co. of N.Y., Inc. v. United States, 92 Fed. Cl. 466, 474 (2010).

As part of its claim in the first case, ENIP sought $2,148,901 for generic fees paid to NRC from 2002 to 2008 for "spent fuel costs." Id. at 513-14. NRC recovers the majority of its annual budget through two types of fees from its licensees and applicants. 42 U.S.C. § 2214. The first fee is for specific services pursuant to 10 C.F.R. Part 170, and the second is a generic annual fee pursuant to 10 C.F.R. Part 171. See id.; 10 C.F.R. Parts 170 and 171. The NRC modified its 10 C.F.R. Part 171 fee structure in 1999 to recover costs relating to its spent fuel storage and reactor decommissioning generic activities. Final Rule Revision of Fee Schedule, 64 Fed. Reg. 31462, 31475-76 (June 10, 1999); see also Revision of Fee Schedule, 100% Fee Recovery, FY 1999, 64 Fed. Reg. 15876 (proposed Apr. 1, 1999). The effect of this change was an increase in generic fees for NRC's licensees. ENIP argued in its first SNF case that these fees were recoverable as damages because the increase in NRC Part 171 fees was attributable to the Government's partial breach of the Standard Contract. In support of this claim, ENIP introduced at trial NRC Commissioner Jeffrey S. Merrifield's vote sheet on the proposed fee change which stated that "the change should result in a more even and fair recovery policy for various decommissioning and storage activities" and that "it is unfortunate that the federal government has not provided permanent disposal of high-level waste." Consol. Edison, 92 Fed. Cl. at 515 (internal quotations omitted). This Court found that the comments presented at trial confirmed "the existence of a direct link between DOE's breach and the NRC's 1999 fee change." Id. at 514.

That determination in May 2010 closely mirrored this Court's award of damages to another SNF plaintiff, Boston Edison, claiming recovery of NRC Part 171 fees. See Boston Edison, 93 Fed. Cl. at 125-28. In Boston Edison, this Court determined that "but for DOE's breach, [plaintiff] would not have been assessed NRC generic costs for dry storage activities that it incurred after the 1999 rule change." Id. at 128. On appeal, the Government argued only that it was entitled to a partial offset for a portion of the plaintiff's NRC fees, rather than challenging the trial court's causation findings. See Boston Edison,

3

658 F.3d at 1368. The Federal Circuit sustained the Government's appeal on that limited basis. See id. at 1370. On remand, the Boston Edison parties reached an agreement on the portion of fees to be awarded to the plaintiff and judgment was entered accordingly. See Boston Edison Co. v. United States, 106 Fed. Cl. 330, 332 (2012).

For ENIP's claim, however, the Federal Circuit reversed this Court's award of damages for the NRC fees in Consolidated Edison, concluding that "ENIP has not established that its generic fees increased as a result of DOE's breach." Consol. Edison, 676 F.3d at 1340. The Federal Circuit determined that Commissioner Merrifield's comments were "insufficient as a matter of law to demonstrate that the new NRC rules were the result of the government breach." Id. at 1339. Following the Federal Circuit's rulings in Boston Edison and Consolidated Edison, the Government has frequently asserted, as it does in the present motion, that collateral estoppel precludes ENIP and other plaintiff utilities from litigating generic NRC fees claims. See, e.g., System Fuels, Inc. v. United States, No. 03-2621C, Dkt. 137 (Fed. Cl.) (Williams, J.); System Fuels, Inc. v. United States, No. 11-511C, Dkt. 32 (Fed. Cl.) (Braden, J.). These motions generally have been unsuccessful. See, e.g. Entergy Gulf States, Inc. v. United States, No. 03-2625C, Dkt. 161 (Fed. Cl. Apr. 27, 2012), *recon. den.* Dkt. 168 (Aug. 9, 2012), *summ. j. den.* Dkt. 192 (Jul. 3, 2014); Energy Northwest v. United States, 115 Fed. Cl. 69, 77 (2014).

## Standard of Review

Summary judgment is appropriate when the evidence indicates that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." RCFC 56(a); Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48 (1986). A "genuine" dispute is one that "may reasonably be resolved in favor of either party," Anderson, 477 U.S. at 250, and a fact is "material" if it might significantly alter the outcome of the case under the governing law. Id. at 248. In determining the propriety of summary judgment, a court will not make credibility determinations, and will draw all inferences in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

A party invoking collateral estoppel must establish that four conditions are met: (1) the issue is identical to one decided in the first action, (2) the issue was actually litigated in the first action, (3) resolution of that issue was essential to the final judgment in the first action, and (4) the plaintiff had a full and fair opportunity to litigate that issue in the first action. Shell Petrol., Inc. v. United States, 319 F.3d 1334, 1338 (Fed. Cir. 2003); see also Restatement (Second) of Judgments § 27 (When each of the four conditions is met, "the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."). If any of the four conditions are not met, collateral estoppel does not apply.

Discussion

The parties agree generally that the Government's liability for ENIP's costs incurred from September 2008 to December 2013, attributable to reasonable mitigation necessitated by the Government's failure to fulfill its contractual obligations to dispose of the SNF, has been established. The only matter to be decided, therefore, is whether the doctrine of collateral estoppel precludes ENIP from litigating the issue of whether the Government's partial breach caused the increase in NRC Part 171 fees incurred during the stated time period. The Government argues that ENIP may not recover the $1.9 million in NRC Part 171 fees because the issue of causation was already litigated in Consolidated Edison, and is therefore barred from litigation in the current case. In opposition, ENIP argues that the issue of causation was not actually litigated and the question of causation remained open after the Federal Circuit's decision in Consolidated Edison.

In essence, the Federal Circuit's decisions in Boston Edison and Consolidated Edison establish only that a plaintiff utility must satisfy its burden of proof to show that DOE's partial breach of contract cause plaintiff to incur the additional NRC fees. The Federal Circuit did not hold that NRC fees may not be recovered, only that in each case the evidence must be evaluated to determine whether the plaintiff met its burden of proof. ENIP's current claim is for a different time period (2008-2013), and is not the identical claim presented in the first case. ENIP should be given the opportunity to present its evidence for the different time period.

I.   Whether the Issue of Causation Was Left Open

ENIP maintains that the ultimate question of causation was not actually litigated in the first action because ENIP's evidence at trial was insufficient as a matter of law to establish causation. Consol. Edison, 676 F.3d at 1339 (finding that "comments made by NRC Commissioner Merrifield in an internal NRC memorandum . . . were insufficient as a matter of law to demonstrate that the new NRC rules were the result of a government breach."). The Federal Circuit, ENIP argues, never addressed the question of fact regarding a causal link between the 1999 NRC fee changes and the Government's breach.

The Government nevertheless argues that collateral estoppel has been routinely applied to holdings based on failure of proof. However, as ENIP points out, the Federal Circuit's Consolidated Edison and Boston Edison decisions have been interpreted in this Court to leave open the issue of NRC fees, permitting the plaintiffs in each SNF case to present evidence of causation. See, e.g. Entergy Gulf States, Inc. v. United States, No. 03-2625C, Dkt. 173 (Fed. Cl. June 12, 2013); Alabama Power Co. v. United States, No. 08-237C, Dkt. 86 (Fed. Cl. June 27, 2012); Energy Northwest v. United States, No. 11-447C, Minute Order (Fed. Cl. Feb. 28, 2013).

5

The different outcomes in <u>Boston Edison</u> and <u>Consolidated Edison</u> for generic NRC fees do not preclude the SNF plaintiffs from presenting causation evidence. The Federal Circuit in <u>Consolidated Edison</u> held that the plaintiff's evidence was insufficient to establish causation linking the 1999 rule change with the Government's breach, and as a result the court declined to award generic NRC fees to the plaintiff. See <u>Consol. Edison</u>, 676 F.3d at 1338-39. Under a similar set of facts, the Federal Circuit in <u>Boston Edison</u> affirmed the trial court's decision to allow the plaintiff to recover NRC Part 171 fees. <u>Boston Edison</u>, 658 F.3d at 1369 (finding that "[r]ecord testimony supports the trial court's finding that the NRC's wet storage costs increased as a result of the DOE's breach of the Standard Contract."). The two decisions together demonstrate that recovery of NRC fees is not precluded as a matter of law.

II.     Opportunity to Litigate

A party may defend against collateral estoppel by showing that it did not have a full and fair opportunity to litigate the issue in the first action. The Federal Circuit found that a significant factor in determining when a party has had a full and fair opportunity is "whether the party had an incentive to litigate fully the issue." <u>Banner v. United States</u>, 238 F.3d 1348, 1354 (Fed. Cir. 2001). ENIP's argument that it lacked incentive to litigate fully in the first action is persuasive, because an overriding consideration was to obtain a timely payment of damages (approximately $100 million) that had been affirmed on appeal.

Although the Government correctly points out that ENIP had some monetary incentive to litigate the issue because effective litigation was necessary for a determination of whether it would recover the NRC fees as damages, the specific issue of damages for the NRC fees was outweighed by larger procedural and economic considerations. It would have made little sense for ENIP to seek remand and retrial on the NRC fees issue, as the opportunity cost of postponing payment trumped the $2.1 million in claimed NRC fees. Counsel for ENIP estimated that in delaying payment for even one year, the opportunity cost of retrying the issue of NRC damages would have amounted to approximately $10 million.

The parties agree that monetary incentive is an important factor in a party's overall motivation to litigate fully on any given issue. See generally <u>Shell Petrol.</u>, 319 F.3d at 1340 (holding that the plaintiff had a full and fair opportunity to litigate in part because the plaintiff had a monetary incentive to litigate). Where the parties seem to disagree is in determining what constitutes a true "full and fair opportunity." Taking into account all of the factors presented, it is clear that significant financial considerations (namely, timely recovery of the $100 million in damages affirmed by the Federal Circuit) outweighed ENIP's incentive to retry the issue of the NRC fees which amounted to approximately $2.1

million. With strong economic considerations acting against ENIP's motivation to fully litigate the issue, the Government's conclusion that ENIP had a full and fair opportunity is incorrect.

### III. A Change in Law

ENIP raises another defense to the application of collateral estoppel, contending that there has been a significant change in the law regarding the proof required to establish causation for SNF plaintiffs in generic NRC fees claims. The Supreme Court has established that where "controlling facts or legal principles have changed significantly," Montana v. United States, 440 U.S. 147, 159 (1979), the Court may decline to apply collateral estoppel in later cases. Therefore, ENIP argues that the Government's collateral estoppel argument in this case must fail because there has been a significant change in the law regarding the level of proof required to establish causation in generic NRC fees claims.

Prior to the Federal Circuit's decision in Consolidated Edison, the plaintiff utilities were able to establish causation and recover NRC Part 171 fees by producing public documents and public statements of NRC Commissioners, as ENIP did in the first case. In ruling that public documents, such as the NRC's 1999 Federal Register notice changing the methodology for assessing generic fees, and statements by Commissioners Merrifield and McGaffigan were insufficient to establish the necessary causal link between the 1999 rule change and the Government's breach, the Federal Circuit effectively changed the law regarding the required level of proof needed to establish causation in NRC fees claims.

This undeniable shift in the law precludes application of collateral estoppel in the present case. Furthermore, ENIP alleges that application of collateral estoppel would be fundamentally unfair in this case, given the Government's prior decision not to contest causation findings in the plaintiff's claim for NRC fees in Boston Edison. A court's application of collateral estoppel must remain consistent with prior decisions regarding the same issue. See Restatement (Second) of Judgments § 29(4) cmt. f. ("Where a determination relied on as preclusive is itself inconsistent with some other adjudication as to the same issue, [] confidence is not generally warranted.").

In further support of Plaintiff's position, this Court has held that doubts regarding application of preclusion should be "resolved against the party invoking the doctrine," AEY, Inc. v. United States, 99 Fed. Cl. 300, 304 (2011), which leads this Court to conclude that application of collateral estoppel against ENIP on the issue of causation for increased generic NRC fees is inappropriate given the disputed legal effect of the Federal Circuit's decision in Consolidated Edison. Such application would prove fundamentally unfair to ENIP.

<u>Conclusion</u>

Upon consideration of the motion before the Court, Defendant's motion for partial summary judgment is DENIED.  As explained, the outcome of the claim for NRC fees turns on the factual issue of whether a causal link can be established between the increase in NRC generic fees and the Government's partial breach of contract.  As there are no prior judgments that preclude Plaintiff's claim for generic NRC fees assessed pursuant to 10 C.F.R. Part 171, Plaintiff's claims will be considered on the merits at trial.

IT IS SO ORDERED.

<u>s/Thomas C. Wheeler</u>
THOMAS C. WHEELER
Judge